## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal Action No. 2022-0002** |
| **AUGUSTO RODRIGUEZ-MOLINA and** ) | |
| **EMMANUEL TOLENTINO-LEBRON, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

**Attorneys:**
**Evan Rikhye, Esq.**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
　　*For the Government*

**Jason Gonzalez-Delgado, Esq.**
San Juan, Puerto Rico
　　*For Defendant Emmanuel Tolentino-Lebron*

**Ramon M. Gonzalez-Santiago, Esq.**
San Juan, Puerto Rico
　　*For Defendant Augusto Rodriguez-Molina*

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendants Tolentino-Lebron and Rodriguez-Molina's *pro se* Objection (Dkt. No. 281) to Magistrate Judge Emile A. Henderson's January 10, 2024 Order (Dkt. No. 277) ("Magistrate Judge's Order") granting the Government's Motion to Strike (Dkt. No. 276) Defendants' *pro se* "Motion Requesting the Court Order/Direct Attorneys to Visit Clients to Confer and Properly File Motion to Dismiss Indictment and Terminate Proceedings

due to Violation of United States' Law that Negates 'Subjection of Vessel, Jazz Attack to the MDLEA'" ("*Pro Se* Motion") (Dkt. No. 272).

On December 7, 2022 and December 22, 2022, respectively, Defendants Emmanuel Tolentino-Lebron and Augusto Rodriguez-Molina pleaded guilty to Count I of the Indictment, charging Conspiracy to Possess a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States. (Dkt. Nos. 143, 157).  Defendants' sentencing hearings are both set for February 27, 2024. (Dkt. No. 271).

From the inception of this matter, both Defendants have been represented by CJA-appointed counsel. On December 27, 2023, however, Defendants filed their *Pro Se* Motion requesting that the Court enter an Order directing their attorneys to meet with them; raising a jurisdictional challenge to the indictment; and requesting that the Court "order the assigned attorneys to . . . explain to the court by motion, why these factual and Statutory based defenses and arguments [were] not raised earlier[.]" (Dkt. No. 272 at 15-16).

On January 10, 2024, the Government moved to strike Defendants' *Pro Se* Motion on the ground that Defendants were not entitled to make *pro se* filings while they are represented by counsel. (Dkt. No. 276). On the same day, Magistrate Judge Henderson granted the Government's Motion to Strike, holding that "[t]he Constitution does not confer a right to proceed simultaneously by counsel and pro se, and the Court is not obligated to consider pro se motions in light of a defendant's representation by appointed counsel." (Dkt. No. 277 at 2). The Magistrate Judge's Order did not otherwise address the Defendants' request for their counsel to meet with them or the substance of Defendants' *Pro Se* Motion.

On January 26, 2024, Defendants filed a *pro se* Objection to the Magistrate Judge's Order. (Dkt. No. 281). Defendants' Objection does not address the merits of the Magistrate Judge's

Order—namely that Defendants cannot proceed *pro se* while represented by counsel.[1]   Instead, Defendants primarily argue that their requested relief was "a clear call for Court assistance in assuring the Defendants . . . had '[e]ffective assistance of counsel.'" (Dkt. No. 281 at 2).[2]

"The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*[.]" *United States v. Lopez*, 2022 U.S. Dist. LEXIS 37544, at *1 (D.V.I. Mar. 3, 2022) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). As such, "the District Court [is] not obligated to consider [Defendants'] *pro se* motions[.]" *United States v. D'Amario*, 268 F. App'x. 179, 180 (3d Cir. 2008) (noting that "the District Court acted within its authority to issue limitations on [] *pro se* filings submitted while represented by counsel"); *see United States v. Lopez*, 2022 U.S. Dist. LEXIS 37544, at *1 (D.V.I. Mar. 3, 2022) (Magistrate Judge's Order granting the Government's motion to strike *pro se* filings from the record); *United States v. Torres*, 2023 U.S. Dist. LEXIS 80815, at *3 (D.N.J. May 9, 2023) ("While represented by counsel, Defendant improperly entered a number of *pro se* submissions for the Court's review, which the Court struck from the docket and refused to consider.").

---

[1] "Upon an appeal from a ruling of a magistrate judge on a non-dispositive matter, a district court shall modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Simon v. Gov't of the V.I.*, 2021 U.S. Dist. LEXIS 168074, at *3-4 (D.V.I.  Sept. 2, 2021) (internal quotation omitted).

[2] Defendants also briefly raise two procedural challenges to the Magistrate Judge's Order. (Dkt. No. 281 at 1-2). First, Defendants argue that the Motion to Strike pertained to a dispositive motion and therefore was beyond the scope of the Magistrate Judge's authority to adjudicate. *Id.* at 1. Second, Defendants argue that they were entitled to a reasonable time to file an opposition to the Government's Motion to Strike prior to the Magistrate Judge granting the Government's Motion. *Id.* at 2. Both arguments are rendered moot because the District Court is now reviewing the Magistrate Judge's Order after Defendants have had an opportunity to file their Objection and, whether the Court reviews this matter under the clearly erroneous/contrary to law standard of appellate review or *de novo*, the Court reaches the same conclusion: the Court is not obligated to consider a *pro se* Motion while Defendants are represented by counsel.  *See United States v. D'Amario*, 268 F. App'x. 179, 180 (3d Cir. 2008).

Accordingly, the Court finds that the Magistrate Judge's ruling granting, in his discretion, the Government's Motion to Strike was not clearly erroneous or contrary to law. Further, based on a *de novo* review of the matter, the Court similarly concludes that the Government's Motion to Strike was properly granted.[3]

In view of the foregoing, it is hereby

**ORDERED** that Defendants' Objection to the Magistrate Judge's Order (Dkt. No. 281) is **OVERRULED**; and it is further

**ORDERED** that the Magistrate Judge's Order (Dkt. No. 277) is **AFFIRMED**; and it is further

**ORDERED** that the Government's Motion to Strike (Dkt. No. 276) is GRANTED.

**SO ORDERED.**

Date:   February 7, 2024

_____/s/_____
WILMA A. LEWIS
District Judge

---

[3] Notwithstanding the foregoing, the Court recognizes that Defendants' filings raise a request for the Court's assistance in ensuring effective representation by counsel. While the Court will not permit these represented Defendants to file *pro se* motions, the Court refers the *pro se* filings to the attention of Defendants' counsel for any action, in their professional opinion, they deem appropriate.